UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CARLOS DE LA ROSA, *and all others similarly situated*,

                Plaintiff,

vs.

A1A TRANSPORTATION GROUP INC.,
a Florida corporation, and RICK
VERSACE, an individual,

                Defendants,
_____/

## COMPLAINT

CARLOS DE LA ROSA ("Plaintiff"), individually and on behalf of others similarly situated, sues A1A TRANSPORTATION GROUP, INC. ("Corporate Defendant") and RICK VERSACE (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and all other similarly situated individuals, for unpaid minimum wages, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Plaintiff seeks certification of this action as a collective action on behalf of himself individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate their business in this District, and Plaintiff was employed in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, sui juris, and is a resident of this State.

6. Corporate Defendant is a corporation existing under the laws of the State of Florida.

7. Corporate Defendant is a transportation company located at 1990 NW Boca Raton Blvd., Boca Raton, FL 33432.

8. On information and belief, Individual Defendant, RICK VERSACE is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant.

9. Individual Defendant RICK VERSACE is sued herein in his individually capacity because, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

DocuSign Envelope ID: 5351A566-FE69-40E3-A418-D88BB1A36E82

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA.

15. Plaintiff worked for the Defendants for approximately one (1) year, from May 2022 through May 2023.

16. Defendants run a transportation business, providing multiple services, including but not limited to private bus service from Miami to Tallahassee (and back), with many stops in between.

17. Plaintiff worked as a bus driver for Defendants, driving a 55-passenger bus, twice per week, from Miami to Tallahassee, and then back again (four trips per week).

18. When departing, Plaintiff would pick up the bus from Ft. Lauderdale, and then travel to his first stop in Miami. From Miami, he would make stops in Ft. Lauderdale, Kissimmee, Orlando, Ocala, Gainesville, Lake City, and Tallahassee.

19. At each station, passengers departed and embarked, and were given time to use the facilities.

20. Plaintiff would then have to wait in Tallahassee, and then do the same trip again, in reverse.

21. Each leg of the trip would take a minimum of approximately 11 hours to complete, and depending on traffic, could take as long as 14 hours.

22. Plaintiff was paid $30.00 per hour but was always paid for exactly 40 hours per week. This was notwithstanding that it took at least 44-56 hours to drive these weekly routes,

*exclusive of* time picking up and dropping off the bus, and waiting in Tallahassee for the Miami trips to begin.

23. When confronted about non-payment for any hours over 40 in a workweek, Defendants told plaintiff that he is paid according to the bus schedule (that Defendants created, and conveniently totaled exactly 40 hours per week) and not according to time spent working.

24. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated bus drivers, as well as exempt and non-exempt employees working in other departments of the Corporate Defendant's business.

25. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA.

## FLSA COLLECTIVE ACTION CLAIMS

26. Plaintiff brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

27. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage for all hours worked.

28. The claims of Plaintiff stated herein are like those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA as to all Defendants)

29. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

30. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

31. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

32. Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

33. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

34. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

35. Defendants failed to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206 (a), for all or a part of their employment.

36. Defendants' failure to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate for all hours worked was willful within the meaning of 29 U.S.C. § 255(a).

37. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

WHEREFORE, for the forgoing reasons, Plaintiff, CARLOS DE LA ROSA, respectfully requests an Order certifying the FLSA collective, and entering judgment in his favor, and against Defendants, A1A TRANSPORTATION GROUP INC. and RICK VERSACE for damages, attorney's fees, costs, and all such other relief as is deemed just and equitable under the circumstances presented herein.

## SECOND CAUSE OF ACTION
### (Breach of Contract as to the Corporate Defendant)

38. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

39. Plaintiff agreed to work for the Corporate Defendant for the rate of Thirty Dollars ($30.00) per hour.

40. Plaintiff worked significantly more than forty hours each week, as described more fully above, but was paid nothing for any time worked in excess of forty (40) per workweek.

41. The Corporate Defendant breached its contractual obligation to pay Plaintiff at the agreed rate for every hour worked.

42. Plaintiff suffered damages as a result.

WHEREFORE, for the forgoing reasons, Plaintiff, CARLOS DE LA ROSA, respectfully requests that this Court enter enter Judgment in his favor, and against Defendant, A1A TRANSPORTATION GROUP INC., for damages, attorney's fees, costs, and all such other relief as is deemed just and equitable under the circumstances presented herein.

July 26, 2023

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:     (954) 745-0588

 By:   */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

7

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

Yo, **CARLOS DE LA ROSA** soy un empleado o ex empleado de **A1A TRANSPORTATION GROUP INC** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 7/25/2023 .

DocuSigned by:

0E13F75EECFF47E...

**CARLOS DE LA ROSA**