UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-81081-RLR

CARLOS DE LA ROSA, and all others
similarly situated,

    Plaintiff,

v.

A1A TRANSPORTATION GROUP, INC.,
a Florida corporation, and
RICK VERSACE, an individual,

    Defendants.
_____/

## JOINT MOTION TO APPROVE THE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, CARLOS DE LA ROSA and Defendants, A1A TRANSPORTATION GROUP, INC., a Florida corporation, and RICK VERSACE, an individual, by and through their respective undersigned counsel, hereby file this Joint Motion to the Approve Settlement Agreement and to Dismissal with Prejudice, and state the following in support thereof:

On July 26, 2023, Plaintiff filed his initial complaint alleging unpaid minimum wages, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and a breach of contract. (DE 1). On September 15, 2023, Plaintiff filed an amended complaint that added an additional claim for unpaid overtime wages under the FLSA. (DE 16).

Defendants deny that they violated the FLSA, or any law, in any manner; however, after mediation, the parties have been able to reach a settlement concerning the Plaintiff's claims and have incorporated said settlement into a settlement agreement executed by both of the Parties.

Pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled only with the approval of the Court or Secretary of Labor. The Parties stipulate that the negotiated settlement reached between the Parties represents a "fair" resolution of Plaintiffs' FLSA claims as well as Plaintiffs' reasonable attorneys' fees and costs. The Parties also stipulate that the settlement reached between them advances judicial economy.

The Parties further stipulate to the dismissal, with prejudice, of this action of all claims asserted, upon approval by the Court as requested above with each party to bear its own attorney's fees and costs.  The Parties further request this Court retain jurisdiction to enforce that the Settlement Agreement entered into by and between the Parties. (See Settlement Agreement attached hereto as Exhibit "A")

As set forth in Exhibit A, the parties agreed to a settlement of $18,000.00 settlement, which is broken down as follows: $1,000.00 for lost wages; $11,000.00 for other damages; and $6,000.00 for attorney's fees.

The amount paid to Plaintiff is based on is based on an estimate by Plaintiff of hours he worked during the period of his employment. Plaintiff alleged that Defendants owed him $15,100 in unpaid wages, an equal amount in liquidated damages, and attorney's fees and costs. (See DE 9, Statement of Claim). The parties compromised to reach this settlement. Specially, Defendants claim that they paid Plaintiff a daily rate meant to cover all hours worked, and that Plaintiff was exempt from the FLSA under the Motor Carrier Act Exemption (MCA) (29 U.S.C. § 213(b)(1)). Plaintiff claims that he was paid an hourly rate, which did not cover all hours worked, and that he was a non-exempt employee. Had this case proceeded past mediation, the parties would have likely expended more time and resources in litigating those issues than Plaintiff alleged his wage damages were in his Statement of Claim.

Plaintiff's counsel has expended $416.36 in expenses and $7002.50 in legal time, totaling $7418.86 in legal fees and costs in this case. This includes attorney time spent on this matter by Nolan Klein, Esq., at the rate of $450.00 per hour, and by Melanie Delgado, at the rate of $195.00 per hour. Nolan Klein, Esq. has been practicing law since 2003, and he was admitted to practice in this District in 2004 and is also admitted in the Middle and Northern Districts of Florida, the Southern, Eastern, Western, and Northern Districts of New York, the Southern and Northern Districts of Texas, and the Eleventh and Second Circuit Courts of Appeal. Mr. Klein has represented clients in almost 1000 lawsuits, including approximately 850 lawsuits in federal court, and more than one hundred FLSA cases. Mr. Klein has appeared on national media as a legal and litigation expert, and has taught several national CLE classes, including CLE classes on representing clients in FLSA litigation. Respectfully, $450.00 is a reasonable hourly rate for Mr. Klein's time in this case. Melanie Delgado received her law degree in Mexico in 2020 from the Universita Automona de Nuevo Leon, and works for Plaintiff's counsel as a paralegal focused on the needs of Spanish speaking employees in labor and employment matters. Ms. Delgado is billed at $195.00 per hour, which is respectfully submitted to also be reasonable. The $6,000 in attorney's fees and costs that are part of this settlement are less than the $7,418.86 in actual fees and costs for Plaintiff's counsel.

For the reasons set forth above, the Parties respectfully request that the Court grant this Motion and dismiss this case with prejudice.

/

/

/

Dated this 27th day of December 2023.

| | |
|---|---|
| s/Nolan Klein<br>Nolan Klein, Esq.<br>Florida Bar No. 647977<br>Law Offices of Nolan Klein, P.A.<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431<br>T: (954)745-0588<br>klein@nklegal.com<br>amy@nklegal.com<br>melanie@nklegal.com | s/Gabriel T. Roberts<br>Gabriel "Gabe" Roberts, Esq.<br>Florida Bar No. 1018435<br>Primary e-mail: GRoberts@scottlawteam.com<br>Secondary e-mail: mail@scottlawteam.com<br>Cathleen Scott, Esq.<br>Florida Bar No. 135331<br>Primary e-mail: CScott@scottlawteam.com<br>Secondary e-mail: mail@scottlawteam.com<br>SCOTT LAW TEAM, LLC<br>Jupiter Gardens<br>250 South Central Boulevard<br>Suite 104-A<br>Jupiter, FL 33458<br>Telephone: (561) 653-0008<br>Facsimile: (561) 653-0020<br>www.ScottLawTeam.com |